UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| KER YANG, | ) |
|                 Petitioner, | ) |
| v. | ) No. 2:19-cv-00535-JPH-MG |
| T. J. WATSON, | ) |
|                 Respondent. | ) |

**Order Denying Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 and Directing Entry of Final Judgment**

In 2014, petitioner Ker Yang was convicted of one count of unlawful possession of a firearm in violation of 18 U.S.C. § 922(g)(1), and thereafter sentenced pursuant to the enhanced mandatory minimum provision of 18 U.S.C. § 924(e). He seeks relief from his conviction and sentence pursuant to 28 U.S.C. § 2241. For the following reasons, Mr. Yang's habeas petition is **denied**.

## I. Factual and Procedural Background

In June 2014, a grand jury indicted Mr. Yang on one count of unlawful possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1). *United States v. Yang*, 3:14-cr-00070-wmc-1 ("Crim. Dkt."), dkt. 2 (W.D. Wis.). Mr. Yang executed a plea agreement in August 2014, agreeing to plead guilty to the charge. Crim. Dkt. 11. The plea agreement provided that the maximum penalty for a § 922(g) offense was ten years' imprisonment unless application of 18 U.S.C. § 924(e) raised the mandatory minimum penalty to 15 years' imprisonment. *Id.* at 1. After conducting a hearing, the court accepted Mr. Yang's guilty plea. Crim. Dkt. 12.

The presentence investigation report prepared before Mr. Yang's sentencing hearing recognized that 18 U.S.C. § 924(e) applied to Mr. Yang because he had four prior qualifying felony

1

convictions: (1) assault in the second degree and assault in the second degree for the benefit of a gang; (2) drive-by shooting; (3) assault in the third degree; and (4) domestic assault. Dkt. 14 at 7. Consequently, Mr. Yang's guidelines sentence range was 180 to 210 months' imprisonment. *Id.* at 20.

The trial court conducted a sentencing hearing in November 2014. Crim. Dkt. 22 (docket entry); Crim. Dkt. 27 (transcript). It concluded that § 924(e) applied and relied upon three of Mr. Yang's prior convictions: (1) assault in the second degree; (2) assault in the third degree; and (3) domestic assault. Crim. Dkt. 27 at 9. The court sentenced Mr. Yang to the mandatory minimum fifteen-year sentence, but it noted that "a lower sentence appears . . . to be more reasonable and no greater than necessary to hold the defendant accountable, protect the community, provide the defendant opportunity for rehabilitative programs, and achieve parity with sentences of similarly situated offenders." *id.* at 15-16. It stated that "[a] sentence of at least 10 years and perhaps as much as 12-and-a-half years would have been within the range of reasonableness in the court's view." *Id.* at 16. The court entered judgment on November 26, 2014. Crim. Dkt. 23.

Mr. Yang appealed his conviction and sentence, arguing that his prior conviction for domestic assault could not be a violent felony under § 924(e). *United States v. Yang*, 799 F.3d 750, 751-52 (7th Cir. 2015). The Seventh Circuit concluded that the district court "could consult the relevant sentencing and plea transcripts to identify the statute of conviction." *Id.* at 752. After confirming that Mr. Yang's domestic assault conviction fell under Minnesota Statute § 609.224, the Seventh Circuit held that "[a] conviction under this statute qualifies as a violent felony because it has 'as an element the use, attempted use, or threatened use of physical force against the person of another.'" *Id.* at 756 (quoting 18 U.S.C. § 924(e)(2)(B)(i)). Mr. Yang's conviction and sentence were affirmed.

Mr. Yang then filed a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. Crim. Dkt. 36. He argued that he was not subject to § 924(e) because none of his prior convictions qualified as a "violent felony" in light of *Johnson v. United States*, 576 U.S. 591 (2015). *Id.* The court denied Mr. Yang's motion, finding that each of his prior convictions qualified as a "violent felony" under the force clause of § 924(e). Crim. Dkt. 38.

Mr. Yang filed this § 2241 petition in November 2019. Dkt. 1. He now contends that his prior conviction for assault second degree does not qualify as a "violent felony." Dkt. 2 at 5-8.

## II. Discussion

Mr. Yang argues that his prior conviction for second degree assault no longer qualifies as a "violent felony" under § 924(e) in light of the Supreme Court's decision in *Mathis v. United States*, 136 S. Ct. 2243 (2016). Specifically, he claims that the statute under which he was convicted, Minn. Stat. § 609.222, is not divisible and its elements do not satisfy the definition of "violent felony." Dkt. 2 at 5-8. The respondent contends that Mr. Yang may not proceed under § 2241 because he cannot show a miscarriage of justice. Dkt. 13 at 6-9.

### A. Section 2241 Standards

A motion pursuant to 28 U.S.C. § 2255 is the presumptive means by which a federal prisoner can challenge his conviction or sentence. *See Shepherd v. Krueger*, 911 F.3d 861, 862 (7th Cir. 2018); *Webster v. Daniels*, 784 F.3d 1123, 1124 (7th Cir. 2015) (en banc). Under very limited circumstances, however, a prisoner may employ section 2241 to challenge his federal conviction or sentence. *Webster*, 784 F.3d at 1124. "[§] 2241 authorizes federal courts to issue writs of habeas corpus, but § 2255(e) makes § 2241 unavailable to a federal prisoner unless it 'appears that the remedy by motion [under § 2255] is inadequate or ineffective to test the legality

3

of [the] detention.'" *Roundtree v. Krueger*, 910 F.3d 312, 313 (7th Cir. 2018). Section 2255(e) is known as the "savings clause."

The Seventh Circuit has held that § 2255 is "'inadequate or ineffective' when it cannot be used to address novel developments in either statutory or constitutional law, whether those developments concern the conviction or the sentence." *Roundtree*, 910 F.3d at 313 (*citing e.g., In re Davenport*, 147 F.3d 605 (7th Cir. 1998); *Brown v. Caraway*, 719 F.3d 583 (7th Cir. 2013); *Webster*, 784 F.3d at 1123). Whether § 2255 is inadequate or ineffective "focus[es] on procedures rather than outcomes." *Taylor v. Gilkey*, 314 F.3d 832, 835 (7th Cir. 2002).

The Seventh Circuit construed the savings clause in *In re Davenport*, holding:

> A procedure for postconviction relief can be fairly termed inadequate when it is so configured as to deny a convicted defendant any opportunity for judicial rectification of so fundamental a defect in his conviction as having been imprisoned for a nonexistent offense.

*In re Davenport*, 147 F.3d at 611. "[S]omething more than a lack of success with a section 2255 motion must exist before the savings clause is satisfied." *Webster*, 784 F.3d at 1136.[1] Specifically, to fit within the savings clause following *Davenport*, a petitioner must meet three conditions: "(1) the petitioner must rely on a case of statutory interpretation (because invoking such a case cannot secure authorization for a second § 2255 motion); (2) the new rule must be previously unavailable and apply retroactively; and (3) the error asserted must be grave enough to be deemed a miscarriage of justice, such as the conviction of an innocent defendant." *Davis v. Cross*, 863 F.3d 962, 964 (7th Cir. 2017); *Brown v. Caraway*, 719 F.3d 583, 586 (7th Cir. 2013).[2] Because the

---

[1] In *Webster*, the Seventh Circuit held that the savings clause would permit consideration of "new evidence that would demonstrate categorical ineligibility for the death penalty." *Webster*, 784 F.3d at 1125.

[2] The respondent argues that statutory claims are not cognizable under §§ 2241 and 2255(e) but acknowledges that *Davenport* currently forecloses this contention. Dkt. 13 at 3, n.3.

respondent does not argue that Mr. Yang fails to satisfy the first two *Davenport* factors, the Court considers only whether Mr. Yang's argument satisfies the third *Davenport* factor—whether the error asserted is "grave enough to be deemed a miscarriage of justice." *Davis*, 863 F.3d at 964.

Mr. Yang's argument that he is not subject to the sentence enhancement under § 924(e) satisfies the third *Davenport* factor. Section 924(e) prescribes a 15-year mandatory minimum sentence if a defendant is convicted of being a felon in possession of a firearm following three prior convictions for a "violent felony" or "serious drug offense." 18 U.S.C. § 924(e). If, however, a defendant does not have the requisite three prior convictions, he faces only the felon-in-possession statute's 10-year maximum penalty. 18 U.S.C. § 924(a)(2); *see also Mathis*, 136 S. Ct. at 2248. If Mr. Yang no longer has three prior convictions for a "violent felony" or "serious drug offense" post-*Mathis*, his sentence was wrongly enhanced, and he was subjected to a miscarriage of justice. *See Narvaez v. United States*, 674 F.3d 621, 629 (7th Cir. 2011) (finding misapplication of § 924(e) enhancement "clearly constitutes a miscarriage of justice"). The Court therefore will address the merits of Mr. Yang's *Mathis* claim.

### B. Applicability of § 924(e)

Mr. Yang challenges only whether his prior conviction for second-degree assault qualifies as a "violent felony." Thus, the Court will not examine the other two prior convictions that were considered in the § 924 enhancement.

#### 1. Post-Mathis Standard for Construing Criminal Statutes

At the time of Mr. Yang's sentencing, the ACCA defined "violent felony" as "any crime punishable by imprisonment for a term exceeding one year" that (1) "has as an element the use, attempted use or threatened use of physical force against the person of another;" (2) "is burglary, arson, or extortion, [or] involves the use of explosives;" or (3) "otherwise involves conduct that

5

presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B) (eff. Oct. 6, 2006 to Dec. 20, 2018). These three "clauses" are respectively known as (1) the elements or force clause, (2) the enumerated clause, and (3) the residual clause. In *Johnson v. United States*, 135 S. Ct. 2551 (2015), the Supreme Court ruled that the residual clause was unconstitutionally vague.

The ACCA defines "serious drug offense" as any "offense under State law, involving manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance . . . for which a maximum term of imprisonment of ten years or more is prescribed by law." 18 U.S.C. § 924(e)(2)(A)(ii).

When examining if a crime qualifies as a "violent felony" or "serious drug offense," courts apply a categorical approach when the statute underlying the conviction is indivisible. *Mathis*, 136 S. Ct. at 2248. This approach focuses solely on whether the elements of the crime of conviction sufficiently match the elements of the generic offense, i.e., the elements for the crime of conviction are the same as, or narrower than, those of the generic offense. *Mathis*, 136 S. Ct. at 2248. Further, it ignores the particular facts of the case, which are real-world things that are extraneous to the crime's legal requirements. *Id*. "The comparison of elements that the categorical approach requires is straightforward when a statute sets out a single (or 'indivisible') set of elements to define a single crime." *Id.* The court "lines up that crime's elements alongside those of the generic offense and sees if they match." *Id.*

A statute is "divisible" when it "sets out one or more elements of the offense in the alternative—for example, stating that burglary involves entry into a building or an automobile." *Descamps v. United States*, 570 U.S. 254, 257 (2013). As the Supreme Court explained in *Descamps*,

> [i]f one alternative (say, a building) matches an element in the generic offense, but the other (say, an automobile) does not, the modified categorical approach permits sentencing courts to consult a limited class of documents, such as indictments and jury instructions, to determine which alternative formed the basis of the defendant's prior conviction.

*Id.*

The Supreme Court in *Mathis* further instructs that there is a difference between alternative elements of an offense and alternative means of satisfying a single element. *Mathis*, 136 S. Ct. at 2250. Elements must be agreed upon by a jury. *Id.* at 2256. When a jury is not required to agree on the way that a particular requirement of an offense is met, the way of satisfying that requirement is a means of committing an offense, not an element of the offense. *Id.* "[I]f the statute sweeps more broadly than the generic crime, a conviction under that law cannot count as an ACCA predicate, even if the defendant actually committed the offense in its generic form." *Descamps*, 133 S.Ct. at 2283.

### 2. Assault Second Degree

Mr. Yang does not dispute that he was convicted of second-degree assault in Minnesota state court and that he was convicted under Minnesota Statute § 609.222. *See* dkt. 2 at 4. This statute prohibits "assault[ing] another with a dangerous weapon" and provides differing levels of punishment if the assault "inflicts substantial bodily harm." Minn. Stat. § 609.222. Minnesota law defines "assault" as "(1) an act done with intent to cause fear in another of immediate bodily harm or death; or (2) the intentional infliction of or attempt to inflict bodily harm upon another." Minn. Stat. § 609.02(10).

In Mr. Yang's direct appeal of his conviction, the Seventh Circuit held that felony fifth-degree assault, which uses the same definition of assault as second-degree assault, qualifies as a "violent felony" under the force clause. *Yang*, 799 F.3d at 756. In doing so, the court correctly used

the modified categorical approach outlined in *Mathis*. *See id.* at 756. Because there is no meaningful difference between fifth-degree assault and second-degree assault, this Court applies the same reasoning as the Seventh Circuit and concludes that Mr. Yang's prior conviction for assault second degree qualifies as a "violent felony." *See United States v. Pendleton*, 894 F.3d 978, 981 (8th Cir. 2018) ("We therefore conclude that Pendleton's two convictions for second-degree assault in Minnesota qualify as violent felonies under the force clause."); *United States v. Lindsey*, 827 F.3d 733, 739-40 (8th Cir. 2016) ("Accordingly, we hold that second-degree assault under Minn. Stat. § 609.222 requires the use, attempted use, or threatened use of physical force against another and therefore qualifies as a violent felony for [§ 924(e)] purposes.").

Because Mr. Yang's prior conviction for second-degree assault qualifies as a "violent felony," he continues to be subject to the enhanced sentence of § 924(e) and is not entitled to relief under § 2241.

### III. Conclusion

For the foregoing reasons, Mr. Yang's petition for a writ of habeas corpus is **denied**. The dismissal of this action is with prejudice. *Prevatte v. Merlak*, 865 F.3d 894, 900 (7th Cir. 2017). Judgment consistent with this Order shall now issue.

Mr. Yang's motion requesting status of case, dkt. [19], is **granted** consistent with the foregoing.

**SO ORDERED.**

Date: 11/18/2021

                                                    James Patrick Hanlon
                                                    United States District Judge
                                                    Southern District of Indiana

Distribution:

KER YANG
08810-090
TERRE HAUTE - USP
TERRE HAUTE U.S. PENITENTIARY
Inmate Mail/Parcels
P.O. BOX 33
TERRE HAUTE, IN 47808

Brian L. Reitz
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
brian.reitz@usdoj.gov